IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
MAY 08 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INFORMATION |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:20 CR 249 |
| JASON H. FISCHER, and<br>BARRY M. HENNIG, | ) Title 16, United States Code,<br>) Sections 3372(a)(1),<br>) 3372(a)(2)(A), and 3373(d)(2) |
| Defendants. | ) JUDGE BARKER |

## Background

The United States Attorney charges:

1. Defendant JASON H. FISCHER ("FISCHER") was the owner and operator of the Crooked River Guide Service ("Crooked River"), a commercial guiding service for hunters.

2. Defendant BARRY M. HENNIG ("HENNIG") was employed by FISCHER as part of Crooked River's operations.

## Legal Framework

### Migratory Bird Treaty Act

3. The Migratory Bird Treaty Act ("MBTA") makes it unlawful for any person to hunt, take, kill or possess any migratory bird except with a permit or as otherwise provided by regulation. See 16 U.S.C. §§ 703, 707(a).

4. All species of geese native to the United States, including Canada geese, are listed as migratory birds pursuant to the MBTA. See 50 C.F.R. § 10.13.

5. Hunting of migratory game birds, including game species of geese, are subject to certain restrictions, including hunting seasons, bag and possession limits, and shooting hours are federally regulated. For example, in any one calendar day, federal regulations provide that no person shall take more than his or her daily bag limit of migratory game birds. See 50 C.F.R. § 20.24.

6. The daily bag limit, or maximum number of migratory game birds which a hunter may take in one day, 50 C.F.R. § 20.11(c)(2), is revised regularly and published in the Federal Register. For the 2015 and 2016 hunting seasons, the federal regulations for the North Zone of the State of Ohio set the daily bag limit at three Canada geese per day.

7. Migratory game birds must be tagged by the hunter if custody of the bird is granted to person for the purpose of "picking, cleaning, processing, shipping, transportation, or storage . . . ." See 50 C.F.R. § 20.36.

8. Title 50, Part 20, of the Code of Federal Regulations also regulates migratory bird preservation facilities, which are defined in the regulations to include any person who, for hire or other consideration, in the normal course of operations, receives, possesses, or has in custody any migratory game bird belonging to another person for purposes of picking, cleaning, freezing, processing, storage or shipment. See 50 C.F.R. § 20.11(e). Migratory bird preservation facilities may only accept birds that have been properly tagged. See 50 C.F.R. §§ 20.36, 20.81. In addition, migratory bird preservation facilities must maintain records for at least one year. See 50 C.F.R. § 20.82.

*The Lacey Act*

9. The Lacey Act Amendments of 1981, 16 U.S.C. §§ 3371 et seq. (hereinafter "the Lacey Act"), make it unlawful for any person to knowingly sell or transport any wildlife which

2

the person knows to have been taken in violation of any law, treaty, or regulation of the United States. See 16 U.S.C. § 3372(a)(1).

10. Migratory birds, including Canada geese, whether alive or dead, and including any part or product thereof, are "wildlife" under the Lacey Act. See 16 U.S.C. § 3371(a).

11. Under the Lacey Act, it is deemed to be a sale of wildlife for any person, for money or other consideration, to provide guiding, outfitting, or other services for the illegal taking of wildlife. See 16 U.S.C. § 3372(c)(1).

### Guided Hunts on January 20 and 21, 2016

12. FISCHER and HENNIG were hired to lead a guided hunt for Canada geese in Northeast Ohio, for two days beginning on or about January 20, 2016.

### Events of January 20, 2016

13. HENNIG scouted the location prior to arrival of the hunting party.

14. FISCHER and HENNIG led the hunting party.

15. FISCHER and HENNIG oversaw the hunting clients as they took Canada geese.

16. FISCHER directed hunting clients to take Canada geese over the daily bag limit. At least one hunting client took a Canada goose over the daily bag limit.

17. HENNIG discussed taking Canada geese over the limit with Fischer.

18. FISCHER dressed the Canada geese for the hunting clients.

19. FISCHER failed to document that he dressed the Canada geese.

20. FISCHER provided the untagged breast meat to the hunting clients.

### Events of January 21, 2016

21. HENNIG scouted the location prior to arrival of the hunting party.

22. FISCHER and HENNIG lead the hunting party.

23. FISCHER and HENNIG oversaw the hunting clients as they took Canada geese.

24. FISCHER caused the transportation, across state lines, of Canada geese taken contrary to the MBTA after the hunt.

## COUNT 1
(Unlawful Sale of Wildlife, 16 U.S.C. §§ 3372(a)(1) and 3373(d)(2))

The United States Attorney further charges:

25. From on or about January 21, 2016 to on or about January 22, 2016, in the Northern District of Ohio, Eastern Division, Defendants JASON H. FISCHER and BARRY M. HENNIG, did knowingly sell and attempt to sell wildlife, namely Canada geese, and when in exercise of due care, Defendants FISCHER and HENNIG should have known that said wildlife was taken in violation of and in a manner unlawful under the laws and regulations of the United States, specifically 16 U.S.C. § 703 and 50 C.F.R. Part 20 (MBTA and MBTA regulations), to wit: Defendants FISCHER and HENNIG, provided Canada geese guiding and related services to hunters, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(2), and Title 18, United States Code, Section 2.

## COUNT 2
(Unlawful Transport of Wildlife, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2))

The United States Attorney further charges:

26. On or about November 15, 2014, in the Northern District of Ohio, Eastern Division, the defendant FISCHER did knowingly transport wildlife, that is, white-tailed deer, in interstate commerce, when in the exercise of due care, the defendant FISCHER, should have known that said wildlife was taken in violation of and in a manner unlawful under the laws and regulations of Indiana, specifically, failure to provide accurate information to a check station

pursuant to 312 Indiana Administrative Code 9-3-2(n), in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).

JUSTIN E. HERDMAN<br>
United States Attorney

By: *[signature]*
EDWARD F. FERAN, Chief
General Crimes Unit